# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DENNIS JAMES MOORE, JR., | Civil No. 09-2060 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| JOAN FABIAN, | |
| Respondent. | |

Dennis James Moore, Jr., 3306 Morgan Avenue North, Minneapolis, MN 55412, petitioner *pro se*.

Krista Fink, **MINNESOTA DEPARTMENT OF CORRECTIONS**, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108, for respondent, Commissioner of Corrections.

Petitioner Dennis James Moore, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated June 7, 2010, United States Magistrate Judge Franklin L. Noel recommended that this Court deny the habeas petition. This matter is before the Court on Moore's timely objections to the Report and Recommendation. The Court reviews *de novo* those portions of the Report and Recommendation to which Moore objects. *See* 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2. For the reasons set forth below, the Court overrules Moore's objections and adopts the Report and Recommendation of the Magistrate Judge.

# BACKGROUND[1]

On May 5, 2003, Moore had a physical altercation with N.F., his girlfriend at the time. *Moore v. Fabian*, No. A07-2156, 2008 WL 4552798, at *1 (Minn. Ct. App. Oct. 14, 2008). Moore hit N.F. in the face twice, tied her wrists and neck with a clothesline, forced her to stand on a chair, then attached the clothesline to a beam in the ceiling. The State's complaint alleged that Moore sexually assaulted N.F. with a garden hose, forcibly performed oral sex on her, and forced N.F. to have sexual intercourse with him. (*Id.*) The day after the altercation, N.F.'s physician found that N.F. had several signs of strangulation as well as bruising on her neck and wrists. (*Id.*) Moore admitted to tying N.F.'s wrists and neck, but claimed that her injuries were self-inflicted when she pressed the clothesline against her neck. (*Id.*)

On November 24, 2003, Moore pleaded guilty to a charge of first-degree assault, in exchange for the State of Minnesota's dismissal of other charges: two counts of first-degree criminal sexual conduct, and one count each of kidnapping, attempted first-degree murder, and attempted second-degree murder. *State v. Moore*, Crim. No. A04-621, 2005 WL 1153265, at *1, *4 (Minn. Ct. App. May 17, 2005). The district court sentenced Moore to 135 months imprisonment, which the court reduced to 115 months on remand. *Moore v. Fabian*, 2008 WL 4552798, at *1. The court also required him to register as a predatory offender under Minn. Stat. § 243.166 (2004). *Id.*

---

[1] The Court recites background facts only to the extent necessary to rule on Moore's objections. The Report and Recommendation provides a more comprehensive description of the facts relevant to Moore's state case and instant habeas petition. (*See* Report and Recommendation at 1-4, Docket No. 16.)

The Department of Corrections' ("DOC") Program Review Team ("PRT") at the Minnesota Correctional Facility-St.Cloud directed Moore to work with a "sex offender treatment professional." *Moore v. Fabian*, 2008 WL 4552798, at *1. "Based on the complaint and [Moore]'s own admissions," a DOC therapist determined that Moore should enter a sex-offender treatment program at Minnesota Correctional Facility-Lino Lakes. *Moore v. Fabian*, 2008 WL 4552798, at *1. In his meeting with the DOC therapist, Moore denied sexually assaulting N.F. (*Id*.; Pet'r's Mem. in Supp. to Pet. for Writ of Habeas Corpus at 3, Docket No. 1.) On January 5, 2007, the therapist filed a report stating that Moore had not been accepted into the program because of the denial. *Moore v. Fabian*, 2008 WL 4552798 at *1. On January 11, 2007, Moore received a notice of violation alleging a major violation of Offender Disciplinary Regulations (ODR) 510 promulgated by the DOC, *see id.*, which states that no inmate whom the DOC orders to participate in a treatment program may refuse to enter or participate in that program, *id.* at *3. On January 26, 2007, Moore had a disciplinary hearing and was given an extended incarceration term of forty-five days because of the violation. *Id*. at *1. Moore appealed the decision to the associate warden, who affirmed it. *Id*. The Minnesota state district court denied Moore's subsequent habeas petition, *id.*, the Minnesota court of appeals affirmed the district court's ruling, *id.* at *10, and on January 28, 2009, the Minnesota Supreme Court denied review.

On August 6, 2007, Moore filed a petition seeking federal habeas relief under 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus, Docket No. 1.) Moore claims that the court of appeals' decision was contrary to federal law because the requirement that he

register as a predatory offender, his designation by the DOC as a sex offender, and the DOC's requirement that he complete treatment as a pre-condition to parole eligibility violated his due process rights. (*Id.* at 5.) Moore argues that those rights were violated because he was never convicted of a sex crime, and he was not afforded the right to contest either his designation as a sex offender or the DOC's requirement that he complete treatment before the DOC made these determinations. (Pet'r's Mem. in Supp. to Pet. for Writ of Habeas Corpus at 7-8, Docket No. 1.) Moore also claims that the court of appeals' refusal to find error in the DOC's classification of him as a sex offender and requirement that he complete sex offender treatment was based on an unreasonable determination of facts. (*Id.* at 11.) Further, Moore argues that the DOC's disciplinary action adding forty-five days to his sentence did not meet procedural due process standards and that the court of appeals' conclusion to the contrary was in error. (*Id.* at 50-51.)

In a Report and Recommendation, the Magistrate Judge concluded that Moore had exhausted his state remedies, but is not entitled to relief. (Report and Recommendation at 4, 6, Docket No. 16.) First, the Magistrate Judge concluded that the requirement to register as a predatory offender, the DOC's designation of Moore as a sex offender, and the DOC's requirement that Moore complete treatment as a pre-condition to parole eligibility do not involve liberty interests implicating Moore's due process rights. (*Id.* at 8-9.) The Magistrate Judge found that the court of appeals did not base its conclusions on these issues on unreasonable determinations of facts. (*Id.*) The Magistrate Judge also noted that Moore did not avail himself of prison grievance procedures. (*Id.* at 10.)

Second, the Magistrate Judge concluded that Moore has a constitutionally "protected liberty interest in his supervised release date that entitled him to procedural due process before the date of his supervised release could be extended." (*Id.* at 10.) The Magistrate Judge concluded, however, that Moore was afforded procedural due process in a prison disciplinary hearing before forty-five days were added to his term. (*Id*. at 10-13.) The Magistrate Judge concluded that the court of appeals did not base its finding on an unreasonable determination of the facts. (*Id*. at 13.)

Moore objects to the Magistrate Judge's conclusions regarding his requirement to register as a predatory offender, the DOC's classification of him as a sex offender, and the DOC's requirement that he complete sex offender treatment, arguing that those actions implicate his due process rights. (Objections ¶ 4, Docket No. 17.) Moore objects to the Magistrate Judge's conclusions that the court of appeals did not base its findings on these matters on unreasonable determinations of facts. (*Id*. ¶ 1-3, 9.) Moore does not substantively object to the Magistrate Judge's conclusions that the extension of Moore's incarceration term implicates a protected liberty interest and that he was afforded due process when the DOC extended his incarceration by forty-five days. The Court adopts those portions of the Report and Recommendation of the Magistrate Judge to which Moore does not object[2] and turns to Moore's objections.

---

[2] Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

# ANALYSIS

## I.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") gives the standard of review for petitions for writs of habeas corpus made by prisoners in state custody.  It provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

A writ of habeas corpus is available as a remedy to a state prisoner only after the prisoner has exhausted available state court remedies.  28 U.S.C. § 2254(b); *see Banks v. Dretke*, 540 U.S. 668, 690 (2004).  When reviewing a state court's application of federal law in the prison context, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (O'Connor, J., concurring).

To successfully establish a violation of his due process rights, Moore must identify a liberty interest that is protected by the Due Process Clause of the United States Constitution.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  A "liberty interest" in the prison context is generally limited to freedom from restraint that "imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

## II. THE REQUIREMENT TO REGISTER AS A PREDATORY OFFENDER AND THE DESIGNATION AS A SEX OFFENDER DO NOT IMPLICATE A PROTECTED LIBERTY INTEREST.

In his objections, Moore states that he had "procedural due process rights before the [DOC] could impose sex-offender classification and sex-offender treatment on [him] in or outside the prison walls." (Objections ¶ 4, Docket No. 17.) Moore also argues that the court of appeals' affirmation of both the DOC's actions and the requirement that he register as a predatory offender[3] were based on an unreasonable determination of facts. (*See id*. ¶¶ 1-3, 9.) As discussed below, Moore's required registration as a predatory offender, the DOC's designation of Moore as a sex offender, and the requirement that Moore complete sex offender treatment do not implicate a liberty interest for the purposes of triggering the right to procedural due process. In addition, the state court did not base these findings on an unreasonable determination of facts.

### A. Requirement that Moore Register as a Predatory Offender

Moore disputes the Magistrate Judge's conclusion "that [his] designation as sex-offender [sic] was based on information related to the same set of circumstances as his [first] degree assault," claiming that the finding of the court of appeals that he sexually assaulted N.F. was based on an unreasonable determination of facts. (Objections ¶ 10,

---

[3] Reviewing Moore's objections, it is not certain that he is protesting the Magistrate Judge's affirmation of the court of appeals' statement that he was subject to registration as a predatory offender. Moreover, the specific basis for the objection is unclear, but the Court will consider it both as an objection that the statement is contrary to federal law and that it is based on an unreasonable determination of facts.

Docket No. 17.) Moore argues that the requirement that he register as a predatory offender without having been convicted of a sex crime violates his due process rights. (*Id.* ¶ 3.) The Court disagrees.

The requirement that Moore register as a predatory offender without having been convicted of a sex-related crime is consistent with Minnesota law and was not based on an unreasonable determination of facts. In Minnesota, a person charged with kidnapping or criminal sexual conduct and "convicted of . . . that offense or another offense arising out of the same set of circumstances" must register as a predatory offender. Minn. Stat. § 243.166, subd. 1b(a)(1). Moore satisfies this requirement. Although the state dropped the initial charges of criminal sexual conduct, Moore was convicted of assault, which arose from the same circumstances as the criminal sexual conduct charges. *State v. Moore*, 2008 WL 1153265, at *1. For this reason, Moore's contention that the court of appeals based its findings on an unreasonable determination that he sexually assaulted N.F. is immaterial. The court of appeals' finding that Moore is "subject to registration as a predatory offender," *Moore v. Fabian*, 2008 WL 4552798, at *3, was not based on an unreasonable determination of facts.

To the extent that Moore challenges the constitutionality of the statute, the Eighth Circuit has ruled that requiring an individual to register as a predatory offender does not implicate a liberty interest for the purposes of procedural due process. *Gunderson v. Hvass*, 339 F.3d 639, 644-45 (8th Cir. 2003) (reviewing the Minnesota predatory offender registration statute), *cert. denied*, 540 U.S. 1124 (2004). The court acknowledged that requiring someone who was never convicted of a sex-related crime to register as a

predatory offender may result in unfairness, *id.* at 645, but, concluded that the policy is not contrary to federal law as determined by the Supreme Court.

### B. The DOC's Designation of Moore as a Sex Offender and Requirement that Moore Complete Treatment

Moore objects to the Magistrate Judge's conclusion affirming the court of appeals' finding that the DOC had the authority to designate Moore as a sex offender and require him to complete treatment. Moore claims that this finding was based on an unreasonable determination of facts. (Objections ¶¶ 1-3, Docket No. 17.) Moore alleges that he provided "material evidence from his court proceedings that refuted the alleged victim ever being sexually assaulted," (*id.* ¶ 1), and that the DOC therapist did not know at the time she made her diagnosis that Moore had allegedly admitted to the sexual assault, (*id.* ¶ 2). Moore denies he ever asserted that "'he did not sexually assault the victim,' but rather 'just assaulted her and then had sex with her,'" (*id.* ¶ 9 (citing *Moore v. Fabian*, 2008 WL 4552798, at \*3)). Moore also objects to the finding that the DOC's actions did not violate his due process rights. (*Id.* ¶ 4.) The Court overrules Moore's objections.

The DOC had the authority to designate Moore as a sex offender and require him to complete treatment, and the court of appeals' upholding of the DOC's actions was not based on an unreasonable determination of facts. Minnesota statute mandates that the Commissioner of Corrections establish rules regarding the treatment of sex offenders in DOC custody. *See* Minn. Stat. § 241.67. DOC Division Directive 203.013 gives the DOC authority to identify sex offenders in its custody and compel them to complete

treatment. The DOC defines "sex offender" as "an offender who is subject to predatory offender registration, or has a prior charge or conviction for an offense that was sex-related or self reports an incident or pattern of sexually assaultive behavior." DOC Division Directive 203.013. Moore meets this definition, as he was subject to predatory offender registration. Minnesota courts defer to the DOC in reviewing whether a prisoner was correctly required to undergo treatment for being a sex offender. *State ex rel. Morrow v. LaFleur*, 590 N.W.2d 787, 792 (Minn. 1999), *overruled on other grounds by Johnson v. Fabian*, 735 N.W.2d 295, 300-09 (Minn. 2007). Furthermore, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin*, 515 U.S. at 482 (citations omitted).

In short, the court of appeals did not base its findings on an unreasonable determination of facts. Moore's specific objections to the court of appeals' statements of facts are immaterial: because Moore was convicted of assault and the assault arose from the same circumstances as his initial sexual assault charge, Moore was required to register as a predatory offender. Minn. Stat. § 243.166, subd. 1b(a)(1). The DOC was therefore entitled to classify Moore as a sex offender and compel his treatment under DOC regulations. *See* DOC Division Directive 203.013.

The ability of the DOC to classify and treat sex offenders in its custody does not implicate a constitutionally protected liberty interest. Moore claims that his classification as a sex offender implicates a liberty interest. (Objections at ¶ 4, Docket No. 17.) The Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v.*

*Daggett*, 429 U.S. 78, 88 n.9 (1976). Although states may create protected liberty interests for prisoners, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Eighth Circuit has held that a prisoner's classification as a sex offender, "without more," does not constitute such a hardship. *Wilks v. Mundt*, 25 Fed. Appx. 492, 492 (8th Cir. 2002).[4] Further, the Court concludes that "subjecting" prisoners who are classified as sex offenders to treatment, (*see* Objections at ¶ 11, Docket No. 17), could not be considered an "atypical and significant hardship." Finding no liberty interest at stake, the Court does not address Moore's objection that he was not afforded procedural due process with respect to written notification of his sex offender status. *Id*. The Court overrules Moore's objections that his designation as a sex offender by the DOC and requirement that he complete treatment violated his Due Process rights.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of

---

[4] Moore states that "[u]nder Federal case law the imposition of the sex-offender designation and required completion of the sex-offender designation . . . violates [Moore's] Due Process rights." (Objections ¶ 3, Docket No. 17.) The cases that Moore cites in his brief to support this claim, *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), *Gwinn v. Awmiller*, 354 F.3d 1211 (10th Cir. 2004) and *Coleman v. Dretke*, 395 F.3d 218 (5th Cir. 2004), are not clearly established Federal law, as determined by the Supreme Court of the United States.

appeal under 28 U.S.C. § 2253, the Court finds that Moore has not shown that reasonable jurists would find the issues raised in Moore's habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections to the Report and Recommendation [Docket No. 17], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated November 30, 2010, [Docket No. 16]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Moore's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**. Accordingly, this action is **DISMISSED with prejudice**.

2. For the purposes of appeal, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 18, 2010　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge